**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JODY L. A.,                                              )
                                                         )
                    Plaintiff,                           )
                                                         )
vs.                                                      )          Case No. 19-CV-619-JFJ
                                                         )
ANDREW M. SAUL,                                          )
Commissioner of Social Security,                         )
                                                         )
                    Defendant.                           )

## OPINION AND ORDER

Plaintiff Jody L. A. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claims for disability benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.      General Legal Standards and Standard of Review

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established

by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 50-year-old male, applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on March 3, 2016, alleging a disability onset date of July 22, 2014, later amended to July 20, 2016. R. 15, 198-205, 214. Plaintiff claimed he was unable to work due to conditions including severe osteoporosis, chronic back pain, hip pain, bilateral knee pain, severe sleep apnea, and chronic obstructive pulmonary disorder ("COPD"). *See* R. 218. Plaintiff's claims for benefits were denied initially on August 18, 2016, and on reconsideration on February 8, 2017. R. 57-114. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted the hearing on June 21, 2018. R. 33-56. The ALJ issued a decision on October 3, 2018, denying benefits and finding Plaintiff not disabled because he was able to perform

other work existing in the national economy. R. 15-27. The Appeals Council denied review, and Plaintiff appealed. R. 1-3; ECF No. 2.

The ALJ found that Plaintiff's date last insured was December 31, 2016. R. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of July 20, 2016. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: COPD; chronic back pain; chronic neck pain, by history; chronic right knee pain; history of difficulty hearing in the right ear; low body mass index ("BMI"); and sleep apnea. *Id.* At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments. R. 18-19.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff has the RFC to perform a range of light work as follows:

> The claimant is able to lift or carry, push or pull up to twenty pounds occasionally and up to ten pounds frequently. The claimant can sit for eight hours out of an eight-hour day, stand for two hours out of an eight-hour day, and walk for two hours out of an eight-hour day. The claimant can sit for three hours at one time, stand for one hour at one time, and walk for one hour at one time. The claimant can continuously use the bilateral upper extremities for reaching in all directions (including overhead), handling, fingering, feeling, pushing, and pulling. The claimant can frequently use the bilateral feet for operating foot controls. The claimant can occasionally climb ramps or stairs, but should avoid climbing ladders, ropes or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch and crawl. The claimant can tolerate frequent exposure to moving mechanical parts, operating a motor vehicle, unprotected heights, extreme cold, extreme heat, and vibration. The claimant can tolerate occasional exposure to humidity and wetness and dust, odors, fumes, and pulmonary irritants. The claimant can tolerate loud (heavy traffic) noise environments.

R. 19. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 25. Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Plaintiff could perform other unskilled light exertion work, such as Driver, Zipper Sewing Machine Operator, and Semi-Automatic Sewing Machine Operator. R. 26. The ALJ determined

the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled.

## III. Issue

Plaintiff raises one point of error in his challenge to the denial of benefits: that the ALJ committed reversible error by failing to use the Medical-Vocational Guidelines ("grids") as a framework to direct a finding of disability and by substituting VE opinion for the binding legal presumptions, where Plaintiff's impairments fell between two exertional categories that would direct different outcomes, and where the VE opined that the light work category was significantly eroded by Plaintiff's limitations. ECF No. 14.

## IV. Analysis – ALJ's Step-Five Analysis Was Proper

Plaintiff contends the ALJ erred in his step-five analysis, by not finding him disabled pursuant to grid rule 201.14 and instead relying on the VE's testimony that a significant number of jobs existed in the national economy that he could perform within his RFC. Plaintiff contends his RFC was a hybrid sedentary/light RFC that, given his age, fell between two grid rules that would direct different outcomes. Plaintiff argues that the ALJ failed to follow agency guidance applicable in this situation, which would have led to a finding of disability.

At step five, the Commissioner bears the burden to show that the claimant can perform other work that exists in the national economy. *See Nielson v. Sullivan*, 992 F.2d 1118, 1120 (10th Cir. 1993); *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). To meet this burden, the Commissioner may rely on the grids, found at 20 C.F.R. Part 404, Subpart P, Appendix 2. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). "The grids contain tables of rules which direct a

determination of disabled or not disabled on the basis of a claimant's RFC category, age, education, and work experience." *Thompson*, 987 F.2d at 1487.  The regulations identify three broad age categories for this purpose: younger person (under age 50, with subcategories in certain circumstances of ages 18-44 and 44-49), person closely approaching advanced age (age 50-54), and person of advanced age (age 55 and over).  20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e).  The grids "may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule." *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).  If there is no "exact fit," then the ALJ must consider all the relevant facts of the case before reaching a determination. *Casey v. Barnhart*, 76 F. App'x 908, 910 (10th Cir. 2003) (citing *Channel*, 747 F.2d at 579).

When a claimant's exertional level RFC (sedentary, light, etc.) falls between two rules that direct opposite conclusions (i.e., "not disabled" at the higher exertional level and "disabled" at the lower exertional level), Social Security Ruling ("SSR") 83-12 directs that the ALJ should consider the following:

> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."

> b. On the other hand, if the exertional capacity is significantly reduced in terms of the regularity definition, it could indicate little more than the occupational base for the lower rule and could justify finding of "Disabled."

> c. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability. Accordingly, [VE] assistance is advisable for these types of cases.

SSR 83-12.  *See also* Program Operations Manual System ("POMS") DI 25025.015 (directing that, when a claimant's exertional capacity falls between two rules that direct opposite conclusions,

the ALJ should apply the higher-numbered rule and find the claimant not disabled if the ALJ concludes the claimant has a "slightly reduced capacity" for the higher level of exertion; or apply the lower-numbered rule and find the claimant disabled if the ALJ concludes the claimant has a "significantly reduced capacity" for the higher level of exertion).[1]  The ALJ should "[a]lways explain the basis of [his] conclusions" in this situation, and the ALJ should use the assistance of a VE if necessary to determine which rule most closely approximates the claimant's RFC and vocational factors of age, education, and past work experience.  POMS DI 25025.15.

At the time of the ALJ's decision, Plaintiff was 52 years old and fell into the category of a person closely approaching advanced age.  Based on his age, his high-school education, and his RFC for a range of light work, the ALJ considered grid rule 202.14, which would have directed a finding of "not disabled" if Plaintiff were able to perform the full range of light work.  R. 25-26. However, the ALJ found Plaintiff's ability to perform all or substantially all of the requirements of light work was impeded by additional limitations.  R. 26.  Therefore, the ALJ sought the VE's advice as to whether jobs existed in the national economy given Plaintiff's characteristics and reduced light RFC with both exertional and non-exertional limitations.  Through interrogatories, the VE stated that, given a hypothetical matching Plaintiff's characteristics and RFC, the hypothetical individual would be unable to perform past relevant work because of the standing/walking requirements.  R. 299.  However, she stated that other light jobs existed within the RFC, which totaled 370,050 jobs in the national economy.  R. 300.  She further explained that the identified jobs are classified as light, not due to their standing and walking requirements, but due to their lifting and repetitive activity.  R. 301.  She further stated the "light unskilled" job

---

[1] Although the POMS is not legally binding authority, it is nonetheless given controlling weight unless it is arbitrary, capricious, or contrary to law.  *See McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999).

category is "significantly eroded by the hypothetical due to the standing/walking limitation but these jobs are appropriate." *Id.*

Following the VE's interrogatory responses, Plaintiff's counsel filed a responsive letter, arguing that Plaintiff met grid rule 201.14 with a sedentary RFC, and the ALJ was required under SSR 83-12 to apply the lower-exertion sedentary grid rule, because the RFC fell between sedentary and light, and the VE indicated the light job base was "significantly eroded" by the RFC's standing/walking limitations.  R. 306-307.  In the decision, the ALJ considered this letter and responded that SSR 83-12 advises seeking VE assistance when an exertional RFC falls between two grid rules directing opposite findings, which he did.  *Id.*  The ALJ reiterated that the VE identified a significant number of jobs at the light exertion level within Plaintiff's RFC, and the ALJ adopted that testimony to find a significant number of light jobs was available for Plaintiff to perform.  *Id.*

Plaintiff contends that the ALJ was not permitted to rely on the VE's testimony, because she stated that the number of light unskilled jobs was "significantly eroded" by Plaintiff's standing/walking limitation.  R. 301.  Plaintiff argues that, given this opinion, the ALJ was bound to apply the lower-numbered applicable grid rule (201.14) and find him disabled pursuant to guidance in the POMS and SSR 83-12.

The Court rejects Plaintiff's argument.  The ALJ addressed the issue of Plaintiff's eroded occupational base, and he explained that he followed agency guidance by seeking VE advice.  R. 26.  The VE stated that, despite Plaintiff's limited walking/standing capability, there were still 370,050 light jobs in the national economy that he could perform.  Contrary to Plaintiff's assertion, these jobs constitute far more than "a few jobs."  ECF No. 14 at 7, 8.  *See, e.g.*, *Chrismon v. Colvin,*

531 F. App'x 893, 899-900 (10th Cir. 2013) (holding that "significant numbers" requirement was met as a matter of law, where occupations totaled 212,000 jobs nationally).

The Court finds that the ALJ properly followed agency guidance in determining that a significant number of light jobs was available to Plaintiff despite his restricted standing/walking RFC limits.  The ALJ was not required to determine whether the light job base was "significantly reduced" by his walking/standing limitations *before* seeking VE advice, as Plaintiff appears to argue.  *See Casey*, 76 F. App'x at 910-11 (finding that SSR 83-12 does not dictate a disability finding where the occupational base at the higher exertion level is significantly reduced, because the relevant language is "permissive," and the ALJ may fulfill his obligation to determine the implications of a limited RFC on the occupational base by consulting a VE); *Moore v. Apfel,* 216 F.3d 864, 870-71 (9th Cir. 2000) (finding that, when a claimant falls between two grid rules, SSR 83-12 mandates consultation with a VE, not a finding of "disabled").  Nor was the ALJ required to find that the lower-numbered applicable grid rule applied to Plaintiff's situation based on the VE's statement that the light unskilled job base was "significantly eroded," where the VE also found that a significant number of jobs was available.

Plaintiff points to the statement in SSR 83-12 that "most light work" contemplates "prolonged standing or walking" as indication that Plaintiff's RFC would render him unable to perform most light jobs.  *See* ECF No. 14 at 6; SSR 83-12.  However, SSR 83-12 itself dictates that in cases of an unusual limitation of ability to sit or stand, the ALJ should consult a VE to clarify the implications for the occupational base, which is what the ALJ did here.  The Court further rejects Plaintiff's argument that the VE's testimony was somehow contrary to agency guidance stated in SSR 83-12, as the VE clearly explained why the occupational base was eroded and found that 370,050 jobs were still available.

Finally, the Court does not find it particularly meaningful that a previous version of the POMS included an example indicating that a finding of disabled was directed for a situation similar to Plaintiff's, because "the definition of light work is that it usually requires walking or standing for approximately 6 hours of an 8-hour day." ECF No. 14 at 6 (citing February 2015 version of POMS DI 25025.015D).[2] Plaintiff represents that the example "mysteriously disappeared from the POMS on March 27, 2015, without any announcement or explanation," but he argues that its reasoning should be considered persuasive and applicable here. *Id.* at 7. If anything, the deletion of the example suggests the agency reconsidered its position on this issue and no longer considered such limitations would dictate disability. However, in light of the deletion of the example before Plaintiff even filed his claim for benefits, the Court does not find it to be useful as applied to Plaintiff's case. The Court identifies no error at step five.

## V.     Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 22nd day of March, 2021.

_Jodi F. Jayne_
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Plaintiff represents that, in February 2015, POMS DI 25025.015D was updated to include an example of a 50-year-old claimant with a high school education, unskilled past relevant work, and an RFC for standing/walking 2 hours of an 8-hour day and sitting approximately 6 hours of an 8-hour day, and lifting/carrying/pushing/pulling 20 pounds occasionally and 10 pounds frequently. ECF No. 14 at 6. Plaintiff represents that the example stated this RFC fell between rule 201.12, which dictated "disabled," and 202.13, which dictated "not disabled," and the example explained that rule 201.12 was to be used as a framework for a decision of disabled, because "the definition of light work is that it usually requires walking or standing for approximately 6 hours of an 8-hour day." *Id.* The example explained that, because the claimant could only walk or stand for 2 hours, he had a significantly reduced capacity to perform light work and a sedentary grid rule applied as a framework for a determination. *Id.* at 6-7.